## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER VARGAS and GLADYS STEPHENSON, | Case No.: 1:18-cv-03226-ALC-BCM |
| Plaintiffs, | |
| v. | **ANSWER** |
| BEST AUTO GROUP INC. d/b/a BRONXBESTAUTO.COM and M&T BANK CORPORATION, | |
| Defendants. | |

Defendant M&T Bank Corporation ("M&T"), by and through its attorneys, Parker Ibrahim & Berg LLP, and by way of its Answer to the Complaint for Violations of the Truth in Lending Act, and Related Violations of State Statutes and Laws, arising from the Sale of Two Motor Vehicles by Defendant (the "Complaint") of Plaintiffs Alexander Vargas ("Mr. Vargas") and Gladys Stephenson ("Ms. Stephenson", and together with Mr. Vargas, "Plaintiffs"), hereby states as follows:

### AS TO THE INTRODUCTION

1.      The allegations contained in Paragraph 1 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 1 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 1 of the Complaint to the extent they are made against Defendant Best Auto Group Inc. d/b/a Bronxbestauto.com ("Best Auto Group").

## AS TO THE PARTIES

2.      The allegations contained in Paragraph 2 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 3 of the Complaint.

4.      M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 4 of the Complaint.

5.      M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 5 of the Complaint.

6.      M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 6 of the Complaint.

7.      M&T denies the allegations contained in Paragraph 7 of the Complaint, except M&T admits it is a bank holding company with a principal place of business in Buffalo, New York that accepted the assignment of a Retail Installment Contract between Best Auto Group and Mr. Vargas, dated May 20, 2017 (the "Vargas Contract"), and a Retail Installment Contract between Best Auto Group and Ms. Stephenson (the "Stephenson Contract") from Best Auto Group pursuant to a Dealer Agreement with Best Auto Group, dated November 12, 2014 (the "Dealer Agreement").  Partially redacted but otherwise true and correct copies of the Vargas

Contract, the Stephenson Contract, and the Dealer Agreement are attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively.

## AS TO JURISDICTION

8.      The allegations contained in Paragraph 8 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 9 of the Complaint.

10.      The allegations contained in Paragraph 10 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 10 of the Complaint.

11.      The allegations contained in Paragraph 11 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 11 of the Complaint.

12.      The allegations contained in Paragraph 12 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 15 of the Complaint, except M&T admits that its headquarters is located at One M&T Plaza, Buffalo, New York 14203 and that it operates in the State of New York.

16.     The allegations contained in Paragraph 16 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 16 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 16 of the Complaint to the extent they are made against Best Auto Group.

## AS TO THE FACTUAL ALLEGATIONS

17.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 17 of the Complaint.

18.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 18 of the Complaint.

19.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 19 of the Complaint.

20.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 20 of the Complaint.

21.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 22 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 22 of the Complaint to the extent they are made against Best Auto Group.

23.     The allegations contained in Paragraph 23 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 23 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 23 of the Complaint to the extent they are made against Best Auto Group.

24.     The allegations contained in Paragraph 24 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in

Paragraph 24 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 24 of the Complaint to the extent they are made against Best Auto Group.

25.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 25 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

26.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 26 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

27.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 26 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

28.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 28 of the Complaint.

29.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 29 of the Complaint, except M&T admits that the Vargas Contract was assigned to M&T by Best Auto Group.   M&T respectfully refers the Court to the Vargas Contract attached hereto to determine its meaning and import.

30.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 30 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

31.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 31 of the Complaint, but respectfully refers the Court to the Vargas Contract attached hereto to determine its meaning and import.

32.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 32 of the Complaint, but respectfully refers the Court to the Vargas Contract attached hereto to determine its meaning and import.

33.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 33 of the Complaint, except M&T admits that the Stephenson Contract was assigned to M&T by Best Auto Group.   M&T respectfully refers the Court to the Stephenson Contract attached hereto to determine its meaning and import.

34.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 34 of the Complaint.

35.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 35 of the Complaint.

36.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 36 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

37.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 37 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

38.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 38 of the Complaint, but respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

39.     M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 39 of the Complaint, but respectfully refers the Court to the Vargas Contract attached hereto to determine its meaning and import.

40.     M&T denies the allegations contained in Paragraph 40 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 40 of the Complaint to the extent they are made against Best Auto Group.

41.     The allegations contained in Paragraph 41 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 41 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 41 of the Complaint to the extent they are made against Best Auto Group.

42.     The allegations contained in Paragraph 42 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 42 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 42 of the Complaint to the extent they are made against Best Auto Group.

43.     The allegations contained in Paragraph 43 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 43 of the Complaint to the extent they are made against M&T, and M&T denies

knowledge or information sufficient to respond to the allegations contained in Paragraph 43 of the Complaint to the extent they are made against Best Auto Group.

44.     M&T denies the allegations contained in Paragraph 44 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 44 of the Complaint to the extent they are made against Best Auto Group.

45.     M&T denies the allegations contained in Paragraph 45 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in Paragraph 45 of the Complaint to the extent they are made against Best Auto Group.

46.     The allegations contained in Paragraph 46 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in Paragraph 46 of the Complaint.

## AS TO THE CLAIMS FOR RELIEF

## COUNT I

## [ALLEGED] TRUTH IN LENDING ACT VIOLATIONS ON BEHALF OF BOTH PLAINTIFFS[1]

34.     The allegations contained in improperly-numbered Paragraph 34 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 34 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the

---

[1] M&T respectfully notes that the paragraphs in the Complaint are improperly numbered.  In the interest of clarity, however, M&T adopts the numbering used in the Complaint in its Answer.

allegations contained in improperly-numbered Paragraph 34 of the Complaint to the extent they are made against Best Auto Group.  M&T further respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

35.     The allegations contained in improperly-numbered Paragraph 35 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 35 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 35 of the Complaint to the extent they are made against Best Auto Group.  M&T further respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

36.     M&T denies the allegations contained in improperly-numbered Paragraph 36 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 36 of the Complaint to the extent they are made against Best Auto Group.

37.     M&T denies the allegations contained in improperly-numbered Paragraph 37 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 37 of the Complaint to the extent they are made against Best Auto Group.

## COUNT II

## EQUAL CREDIT OPPORTUNITY ACT ON BEHALF OF STEPHENSON

38.     In response to improperly-numbered Paragraph 38 of the Complaint, M&T repeats and realleges its responses to Paragraphs 1-46 and improperly-numbered Paragraphs 34-37 of the Complaint as though specifically set forth herein.

39.     The allegations contained in improperly-numbered Paragraph 39 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 39 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 39 of the Complaint to the extent they are made against Best Auto Group.

40.     The allegations contained in improperly-numbered Paragraph 40 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 40 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 40 of the Complaint to the extent they are made against Best Auto Group.

41.     The allegations contained in improperly-numbered Paragraph 41 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 41 of the Complaint to the extent they

are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 41 of the Complaint to the extent they are made against Best Auto Group.

42.     The allegations contained in improperly-numbered Paragraph 42 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 42 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 42 of the Complaint to the extent they are made against Best Auto Group.

## COUNT III

### NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350 ON BEHALF OF BOTH PLAINTIFFS

43.     In response to improperly-numbered Paragraph 43 of the Complaint, M&T repeats and realleges its responses to Paragraphs 1-46 and improperly-numbered Paragraphs 34-42 of the Complaint as though specifically set forth herein.

44.     The allegations contained in improperly numbered Paragraph 44 of the Complaint represent recitations of law that require no response from M&T.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 44 of the Complaint.

45.     The allegations contained in improperly numbered Paragraph 45 of the Complaint represent recitations of law that require no response from M&T.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 45 of the Complaint.

46.     The allegations contained in improperly-numbered Paragraph 46 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 46 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 46 of the Complaint to the extent they are made against Best Auto Group.

47.     The allegations contained in improperly-numbered Paragraph 47 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 47 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 47 of the Complaint to the extent they are made against Best Auto Group.

48.     The allegations contained in improperly-numbered Paragraph 48 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 48 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 48 of the Complaint to the extent they are made against Best Auto Group.

49.     M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 49 of the Complaint.

4239970.1

## COUNT IV

## COMMON LAW FRAUD ON BEHALF OF BOTH PLAINTIFFS

50.     In response to improperly-numbered Paragraph 50 of the Complaint, M&T repeats and realleges its responses to Paragraphs 1-46 and improperly-numbered Paragraphs 34-49 of the Complaint as though specifically set forth herein.

51.     The allegations contained in improperly-numbered Paragraph 51 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 51 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 51 of the Complaint to the extent they are made against Best Auto Group.

52.     The allegations contained in improperly-numbered Paragraph 52 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 52 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 52 of the Complaint to the extent they are made against Best Auto Group.

53.     M&T denies the allegations contained in improperly-numbered Paragraph 53 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 53 of the Complaint to the extent they are made against Best Auto Group, except M&T admits that the Vargas Contract and Stephenson Contract were assigned to M&T by Best Auto Group.

4239970.1

54.   M&T denies the allegations contained in improperly-numbered Paragraph 54 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 54 of the Complaint to the extent they are made against Best Auto Group.

55.   M&T denies the allegations contained in improperly-numbered Paragraph 55 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 55 of the Complaint to the extent they are made against Best Auto Group.

56.   M&T denies the allegations contained in improperly-numbered Paragraph 56 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 56 of the Complaint to the extent they are made against Best Auto Group.  M&T further respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

57.   M&T denies the allegations contained in improperly-numbered Paragraph 57 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 57 of the Complaint to the extent they are made against Best Auto Group.  M&T further respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

58.   M&T denies the allegations contained in improperly-numbered Paragraph 58 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph

58 of the Complaint to the extent they are made against Best Auto Group.  M&T further respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

59.     M&T denies the allegations contained in improperly-numbered Paragraph 59 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 59 of the Complaint to the extent they are made against Best Auto Group.  M&T further respectfully refers the Court to the Vargas Contract and Stephenson Contract attached hereto to determine their meaning and import.

60.     M&T denies the allegations contained in improperly-numbered Paragraph 60 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 60 of the Complaint to the extent they are made against Best Auto Group.

61.     The allegations contained in improperly-numbered Paragraph 61 of the Complaint contain conclusions of law that require no response from M&T.  M&T respectfully refers all questions of law to the Court.  To the extent a response is deemed required, M&T denies the allegations contained in improperly-numbered Paragraph 61 of the Complaint to the extent they are made against M&T, and M&T denies knowledge or information sufficient to respond to the allegations contained in improperly-numbered Paragraph 61 of the Complaint to the extent they are made against Best Auto Group.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

M&T specifically denies that all conditions precedent to Plaintiffs' claims for recovery have occurred or been met.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by waiver and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are frivolous, without any reasonable basis in law or equity and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, and, as such, are made in bad faith for the purpose of exacting a nuisance settlement, entitling M&T to attorneys' fees and costs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

M&T acted at all times in good faith and in accordance with reasonable commercial standards, and without malice or intent to injure.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part by Plaintiffs' own breaches of the Retail Installment Contracts at issue in this action to which they are parties.

### NOTICE

Plaintiffs' Complaint does not provide adequate notice of the claims Plaintiffs assert against M&T, and thus M&T reserves the right to assert additional defenses.

### CROSS-CLAIMS FOR INDEMNIFICATION AND CONTRIBUTION

1.      M&T hereby demands contribution pursuant to common law, statutory, and contractual theories of contribution against Best Auto Group.

2.      Without admitting any of the allegations contained in the Complaint, M&T states that in the event that it is found liable and responsible to Plaintiffs, its liability is based upon non-active, passive, and non-contributory conduct, but the alleged wrongdoing of Best Auto Group was the active, primary, and contributory cause of any and all damages, losses, and expenses sustained by Plaintiffs and/or contractually required Best Auto Group to defend and indemnify M&T.

3.      Further, pursuant to the Dealer Agreement, Best Auto Group agreed as follows:

11. **INDEMNIFICATION.** Dealer shall defend, indemnify and hold harmless M&T against each and every liability, cost, claim and expense (including, but not limited to attorney's fees and disbursements) incurred by M&T as a direct or indirect result of (a) the Dealer's breach of any representation or warranty with respect to any Contract set forth in Section 8, or any representation or warranty being false or misleading in any respect at any time, as determined by M&T in its sole discretion, (b) any failure by Dealer, as determined by M&T in its sole discretion, to perform any of Dealer's obligations pursuant to this Agreement, (c) the assertion at any time of any claim, counterclaim, setoff or defense based, in whole or in part, upon any allegation that Dealer did not comply with any Requirements of Law in connection with any application for credit submitted through Dealer to M&T, whether or not approved by M&T, or (d) the assertion at any time of any claim, counterclaim, setoff or defense that can be asserted against Dealer by any person with respect to any Collateral or Ancillary Product that is the subject of a Contract (including, but not limited to, any claim, counterclaim, setoff or defense based, in whole or in part, upon any allegation that such goods or services were defective or were not as represented to any person or that Dealer refused to honor any warranty, guaranty or service agreement given or entered into by Dealer or by the manufacturer of such goods).

4.      As a result of the above, M&T is entitled to contribution from Best Auto Group and/or to be indemnified, defended, and held harmless by Best Auto Group in this action.

**WHEREFORE**, M&T respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, award M&T its reasonable attorneys' fees and costs, and grant such other and further relief that this Court deems just, proper, and equitable.

Dated: New York, New York
          June 18, 2018

                              **PARKER IBRAHIM & BERG LLP**
                              *Attorneys for Defendant,*
                              M&T Bank Corporation

                    By:  */s/ James P. Berg*
                              James P. Berg, Esq.
                              Daniel A. Schleifstein, Esq.
                              5 Penn Plaza, Suite 2371
                              New York, New York 10001
                              Phone: (212) 596-7037
                              E-mail:  james.berg@piblaw.com
                                        daniel.schleifstein@piblaw.com

                              *Please reply to Somerset address:*

                              270 Davidson Avenue, 5th Floor
                              Somerset, New Jersey 08873
                              Phone: (908) 725-9700

4239970.1